IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BRIAN RAYMOND FRALEY, | CV-23-39-BLG-SPW-KLD |
| Plaintiff, | ORDER |
| vs. | |
| YELLOWSTONE COUNTY DETENTION FACILITY, LT. COMMANDER LESTER, and BILLINGS POLICE DEPARTMENT, | |
| Defendants. | |

Plaintiff Brian Raymond Fraley filed a Complaint (Doc. 1), pursuant to 42 U.S.C. § 1983, alleging Defendants violated his rights by failing to help him file a criminal complaint. Fraley's Complaint failed to state a claim upon which relief can be granted, but the Court allowed him to amend. (Doc. 8.) Fraley has filed his Amended Complaint, but it, too, fails to state a claim and will be dismissed.

I. BACKGROUND

Plaintiff Fraley's Amended Complaint elaborates on the sparse facts of his original Complaint. On March 21, 2023, Fraley, while detained at Yellowstone County Detention Facility ("YCDF") learned by text message that his possessions at his home were being stolen. (Doc. 9 at 4.) Fraley asked a YCDF officer named Coon to call the police to report the crime. Coon told Fraley that he had notified

1

booking. When Fraley heard nothing further about it, he grieved the issue and was told by Defendant Lester that they had notified the Billings Police Department. Fraley asserts now that he has lost all of his possessions and has had no response from the police. He contends that this failure to assist in filing the report or to act on it is a violation of his rights.

## II. SCREENING STANDARD

Fraley is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

## III. SCREENING ANALYSIS

Fraley's Amended Complaint fails to state a claim for relief under federal law and will be dismissed. He cannot claim that he was not allowed to contact the police, as Defendants Lester (and Coon) apparently acted on Fraley's request to

2

contact the police.[1] He has not alleged that they disregarded his needs or impeded attempts to notify the police by any other method such as using the telephone or sending a letter. His complaints are apparently that the police did not prevent the theft from occurring, and they have not investigated the crime or responded in the fashion he prefers. However, there is no apparent impediment to him continuing to follow up with the police.

Fraley asserts claims under the Fifth and Fourteenth Amendments, suggesting that he is claiming a due process violation. (Doc. 9 at 3.) Fraley is a state pretrial detainee, so his rights arise under the Fourteenth Amendment. The purpose of the Due Process Clause "was to protect the people from the State, not to ensure that the State protected them from each other." *DeShaney v. Winnebago County Department of Social Services* 489 U.S. 189, 196, (1989). Thus, due process "generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id.* Neither the Billings Police nor YCDF staff had a constitutional duty to prevent the theft of Fraley's possessions at his home. Nor does a private citizen have a cognizable interest in filing a police report. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619

---

[1] Fraley has also named the Yellowstone County Detention Facility as a defendant, but YCDF is merely a building and not a person subject to suit under 42 U.S.C. § 1983.

(1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") Fraley has not stated a federal claim against any of the defendants he has identified.

Accordingly, the Court enters the following:

### ORDER

1. Fraley's Amended Complaint is DISMISSED for failure to state a claim. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58.

2. The Clerk of Court is directed to have the docket reflect that Fraley's filing of this matter counts as a strike pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (g).

DATED this 17th day of May, 2023.

*Susan P. Watters*
Susan P. Watters
United States Magistrate Judge